ORIGINAL

FILED

2010 OCT -8 P 1: 25

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NICHOLS KASTER, LLP
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
Robert L. Schug, CA State Bar No. 249640
RSchug@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

NICHOLS KASTER, PLLP
Matthew H. Morgan, MN State Bar No. 304657
morgan@nka.com
(*pro hac vice* application forthcoming)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

E-filing

Attorneys for Plaintiff, the Proposed Collective,
  and the Proposed Class

HRL

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CV 10 4568

| | |
|---|---|
| Jeanne Shultz, individually, on behalf of others similarly situated, and on behalf of the general public, | Case No. _____ |
| | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |
| Plaintiffs, | |
| vs. | **(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, <u>et seq.</u>)** |
| Hyatt Vacation Marketing Corporation, Hyatt Vacation Ownership, Inc. and DOES 1-50, inclusive, | **(2) Failure to Pay Minimum Wage in Violation of the Fair Labor Standards Act (29 U.S.C. . § 201, <u>et seq.</u>)** |
| Defendants. | **(3) Failure to Pay Overtime Compensation in Violation of California Law (Cal. Lab. Code §§ 510, and 1194 and IWC Wage Order(s))** |
| | **(4) Failure to Pay Minimum Wage in Violation of California Law (Cal. Lab.** |

Code §§ 1182.12, 1194, and 1194.2))

(5) Failure to Provide Itemized Wage Statements (Cal. Lab. Code § 226)

(6) Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Lab. Code § 226.7)

(7) Violation of California Business and Professions Code §§ 17200 et seq.

DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Individual and Representative Plaintiff Jeanne Shultz, ("Plaintiff"), on her own behalf and on behalf of the proposed classes. Plaintiff and the putative class members are or were employed by Defendant Hyatt Vacation Marketing Corporation ("Hyatt Marketing"),   and Hyatt Vacation Ownership, Inc. ("Hyatt Ownership," collectively with Hyatt Marketing "Hyatt," or "Defendants"), and certain Doe Defendants, or their predecessors-in-interest, as sales executives, and were denied minimum wage and overtime compensation as required by state and federal wage and hour laws.   These employees are similarly situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The Collective is made up of all persons who are or have been employed by Defendants as sales executives at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Period").

3.      The California Class is made up of all persons who are or have been employed by Defendants as sales executives within the State of California within four years of the filing of this Complaint through the date of final disposition of this action (the "California Class Period").

4.      During the Collective Period and the California Class Period, Defendants failed to pay minimum wage and overtime compensation to each member of the respective classes as required by federal and state law.   Plaintiff seeks relief for the California Class under California wage and hour law, and for the Collective under the FLSA, to remedy Defendants' failure to pay

-2-

1    all wages due, pay appropriate overtime compensation, to provide meal and rest periods, to pay

2    waiting penalties, to maintain accurate time records, in addition to injunctive relief.

3                                                   **THE PARTIES**

4           5.      Individual and representative Plaintiff Jeanne Shultz is an individual residing in

5    Monterey, California (Monterey County).  She began working for Defendant in 2005 as a sales

6    executive at Defendant's Carmel, California (Monterey County) location.  She stopped working

7    for Defendants in June 2006, returned to work for Defendants in March 2007.  Plaintiff was on

8    disability from January 2009 through November 15, 2009.  Plaintiff returned to work November

9    16, 2009.

10          6.      Defendant Hyatt Vacation Marketing Corporation is a foreign corporation

11   organized under the laws of Delaware, doing business in and operating resorts in several states

12   throughout the United States, including in Carmel, California (Monterey County).

13          7.      Defendant Hyatt Vacation Ownership, Inc. is a foreign corporation organized

14   under the laws of Delaware, doing business in and operating resorts in several states throughout

15   the United States, including in Carmel, California (Monterey County).

16          8.      Defendants Does 1-50, inclusive, are sued herein under fictitious names.  Their

17   true names and capacities are unknown to Plaintiff.  When their true names and capacities are

18   ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities

19   herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named

20   defendants is responsible in some manner for the occurrences herein alleged, and that the

21   damages of Plaintiff and the putative class members herein alleged were proximately caused by

22   such Defendants.

23          9.      Plaintiff is informed, believes, and thereon alleges that each of the Defendants

24   herein was, at all times relevant to this action, the agent, employee, representing partner, and/or

25   joint venture of the remaining Defendants and was acting within the course and scope of the

26   relationship.   Plaintiff is further informed, believes, and thereon alleges that each of the

27   Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining

28   Defendants.

-2-

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the FLSA, 29 U.S.C. § 201 *et seq.*  Plaintiff has signed a consent form to join this lawsuit, which is attached hereto as Exhibit A.   This Court also has supplemental jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367.

11.     This Court has original diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  Plaintiff and each member of the California Class is a citizen of the state of California.  Defendants are citizens the State of Delaware.  The amount in controversy in this action exceeds $5,000,000.00.

12.     Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because at all relevant times Defendants Hyatt Marketing and Hyatt Ownership operated a resort in Monterey County, California, and because a substantial part of the events giving rise to the claims occurred in this district.

13.     Pursuant to Civil L.R. 3-2 (c) and (e), this action is properly assigned to the San Jose Division of the Northern District of California because a substantial portion of the events giving rise to this dispute occurred in Monterey County, California.

14.     Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Plaintiff resides in Monterey County and Defendants regularly conduct business in this District, and because a substantial part of the events giving rise to the claims occurred in this district.

**FACTUAL ALLEGATIONS**

15.     Defendant Hyatt Marketing employed Plaintiff and other sales executives. Defendant Hyatt Marketing issued paychecks to Plaintiff.  Defendant Hyatt Marketing, through its policies, practices and supervisors, directed the work activity of Plaintiff and other sales executives.  Employees of Defendant Hyatt Marketing had the authority to discipline Plaintiff and other sales executives.

16.     Defendant Hyatt Ownership also employed Plaintiff and other sales executives. Defendant Hyatt Ownership, through its policies, practices and supervisors, directed the work

-3-

1    activity of Plaintiff and other sales executives. A Human Resources Manager employed by Hyatt

2    Vacation Ownership, Inc. communicated directly with Plaintiff regarding Hyatt Ownership's

3    leave of absence policies.

4         17.    Defendants' gross annual sales made or business done is $500,000.00 or greater.

5    Defendants operate in interstate commerce by, among other things, offering vacation destinations

6    in different states to its customers.

7         18.    Defendants suffered and permitted Plaintiff and other sales executives to work

8    without paying them the minimum wage for all hours worked. For a period of time during the

9    statutory period, Defendants classified Plaintiff and other sales executives as "commission only."

10   As a result, there were many pay periods from the beginning of Plaintiff's employment through

11   the end of 2007 in which Plaintiff did not receive any compensation from Defendant.

12        19.    At some point during the statutory period, Defendants began providing Plaintiff

13   and other sales executives with a recoverable draw in weeks in which they did not pay

14   commissions. However, the draw Defendants paid was $693.36 (or less), which is $8.00 times

15   86.67 – the average number of regular hours in a bi-monthly pay period. In weeks where Plaintiff

16   worked more than 40 hours a week, or in weeks in which there were 11 work days or more in the

17   pay period, Defendants failed to pay the minimum wage for all hours worked.

18        20.    By way of example, Plaintiff worked five days a week and had Wednesdays and

19   Thursdays off towards the end of her employment. In the pay period beginning March 1, 2010

20   and ending March 16, 2010, Plaintiff worked 12 days. She worked eight hours or more each

21   work day during that pay period, meaning that she worked more than ninety-six (96) hours.

22   However, she was only compensated $693.36 during that pay period – less than $7.23 an hour.

23   There were many pay periods in which Plaintiff only received her recoverable draw and no

24   additional compensation.

25        21.    During the relevant statutory period, Defendants also deducted any draws paid to

26   Plaintiff and other sales executives from their future commissions.

27        22.    Defendants suffered and permitted Plaintiff and other sales executives to work

28   more than eight hours a day and more than 40 hours a week without proper overtime

-4-

1    compensation for all hours worked.  Defendants did not include all compensation paid to Plaintiff

2    and other sales executives in determining the regular rate for paying overtime.

3         23.    Up until late 2007 Defendants classified Plaintiff and other sales executives as

4    "commission only" and did not pay any overtime.  After that policy changed, Defendants failed to

5    properly pay Plaintiff and other sales executives for their overtime hours.

6         24.    By way of example, Defendants paid Plaintiff $57.00 for "overtime" in the pay

7    period ending March 16, 2010.  However, Defendant did not include Plaintiff's total earnings (for

8    example, commission pay) in determining Plaintiff's overtime rate.

9         25.    In weeks in which Plaintiff and other sales executives earned enough commissions

10   to cover their draw, Defendants failed to pay any overtime compensation at all.

11        26.    This was true even if Defendants deducted previous draws from Plaintiff's and

12   other sales executives' earned commissions.  By way of example, Plaintiff earned a commission

13   during the pay periods ending January 16, 2010, February 28, 2010, and July 16, 2010.  However,

14   in each of these weeks, Defendant deducted previous draws from Plaintiff's compensation such

15   that she earned only $693.36 each of those pay periods.  Plaintiff worked over eight hours in a

16   day and/or more than forty hours in a week at least once during those pay periods, but was not

17   paid any overtime compensation.

18        27.    Plaintiff regularly worked over eight hours a day and forty hours a week for

19   Defendants.  Plaintiff usually arrived for work at about 8:00 or shortly thereafter, and would

20   usually work until 5:00.  She often worked until 6:00 or later.  Since 2008, Plaintiff worked five

21   days a week.  Prior to that, Plaintiff worked four days on and two days off, but often picked up

22   extra shifts.

23        28.    Defendants' supervisory employees observed Plaintiff and other sales executives

24   working through meal and rest periods.  Defendants required Plaintiff and other sales executives

25   to conduct regularly scheduled tours throughout the day.  Plaintiff would usually have back-to-

26   back tours throughout the entire day, without a meal or rest period.

27        29.    Defendants did not keep accurate records of the hours Plaintiff and other sales

28   executives worked.  For a time, Defendant required Plaintiffs to complete paper time cards, but

-5-

1    the paper time cards were only used to track eligibility for benefits.  They did not reflect the hours

2    Plaintiff and other sales executives worked.  After Defendants switched to a time clock system,

3    Plaintiffs and other sales executives regularly worked after they were clocked out for the day.

4        30.     The wage statements Defendants provided to Plaintiff and other sales executives

5    did not list the hours the employees worked.  Similarly, the wage statements did not itemize

6    employees' rate of pay.

7        31.     Defendants' unlawful conduct has been widespread, repeated and consistent.

8        32.     Defendants are aware of wage and hour laws, as evidenced by the fact that they

9    purportedly provide some overtime pay to Plaintiff.

10       33.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith,

11   and has caused significant damages to Plaintiff and other sales executives.

12                      **COLLECTIVE ACTION ALLEGATIONS**

13       34.     Plaintiff brings this action on behalf of themselves and other similarly situated

14   employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated

15   are:

16                All Persons who are, have been, or will be employed by Defendant Hyatt Vacation

17                Marketing Corporation and/or Hyatt Vacation Ownership, Inc. as sales executives

18                within the United States at any time within three years of the filing of this

19                Complaint to the final disposition of this case.

20       35.     Defendants suffered and permitted Plaintiff and the Collective to work more than

21   forty hours per week without overtime compensation.

22       36.     Defendants suffered and permitted Plaintiff and the Collective to work with

23   payment of the minimum wage for all hours worked.

24       37.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff

25   and the Collective, and as such, notice should be sent to the Collective.  There are numerous

26   similarly situated current and former employees of Defendants who have been denied overtime

27   pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of

28   the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated

-6-

1   employees are known to Defendants and are readily identifiable through Defendants' records.

2   **CLASS ALLEGATIONS**

3       38.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal

4   Rules of Civil Procedure on behalf of the following defined class:

5   **California Class:**     All Persons who are, have been, or will be employed by Defendant

6                            Hyatt Vacation Marketing Corporation and/or Hyatt Vacation

7                            Ownership, Inc. as sales executives within the State of California

8                            within four years of the filing of this Complaint until the final

9                            disposition of this case.

10      39.     Numerosity:   Upon information and belief, the California Class is so numerous

11  that joinder of all members is impracticable.   During the relevant time period, Defendants

12  employed at least forty people who satisfy the definition of the California Class.

13      40.     Typicality:   Plaintiff's claims are typical of the members of the California Class.

14  Like other sales executives, Plaintiff routinely worked more than forty hours per week, and more

15  than eight hours per day, during the California Class Period.   Plaintiff had the same duties and

16  responsibilities as other Class members. Plaintiff and members of the California Class were

17  subject to Defendants' policies and practices of failing to pay minimum wage for all hours

18  worked, failing to properly compensate employees for all overtime hours worked, failing to pay

19  appropriate overtime compensation, failing to provide meal and rest breaks, and failing to

20  maintain accurate records of their hours worked.

21      41.     Superiority:   A class action is superior to other available methods for the fair and

22  efficient adjudication of the controversy, particularly in the context of wage and hour litigation

23  where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits

24  in federal court against large corporate defendants.

25      42.     Adequacy:   Plaintiff will fairly and adequately protect the interests of the

26  California Class, and has retained counsel experienced in complex wage and hour class and

27  collective action litigation.

28      43.     Commonality: Common questions of law and fact exist to all members of the

California Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    A. Whether Defendants failed to pay minimum wage for all hours worked;

    B. Whether Defendants improperly calculated Plaintiffs' rate of pay for the purposes of calculating overtime, in violation of the California Labor Code §§ 510 and 1194, California Industrial Wage Order No. 4 (8 C.C.R. § 1140), and the FLSA;

    C. Whether Defendants employed Plaintiff and the members of the California Class within the meaning of California law;

    D. Whether Defendants' policies and practices provide and/or authorize meal and rest periods;

    E. Whether Defendants provided adequate itemized wage statements to the Plaintiff and the members of the California Class pursuant to California Labor Code § 226;

    F. Whether Defendants' conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq.* by violating the state and federal laws as set forth herein; and

    G. The proper measure of damages sustained by the California Class; and

    H. Whether Defendants' actions were willful or knowing and intentional.

    44.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the California Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

    45.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions only affecting individual members of the California Class, and because a class action is superior to

-8-

1  other available methods for the fair and efficient adjudication of this litigation. Defendants'

2  common and uniform policies and practices denied the members of the California Class, among

3  other things, the minimum wage and overtime pay to which they are entitled. The damages

4  suffered by the individual California Class members are small compared to the expense and

5  burden of individual prosecution of this litigation. In addition, class certification is superior

6  because it will obviate the need for unduly duplicative litigation that might result in inconsistent

7  judgments about Defendants' practices.

8       46.     Plaintiffs intend to send notice to all members of the California Class to the extent

9  required by Rule 23. The names and addresses of the members of the Proposed California Class

10  are available from Defendants.

11  **FIRST CLAIM FOR RELIEF**

12  **FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS**

13  **ACT**

14  (On Behalf of Plaintiff and the Collective)

15       47.     Plaintiff alleges and incorporates by reference the allegations in the preceding

16  paragraphs.

17       48.     At all relevant times, Defendants were an "employer" engaged in interstate

18  commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29

19  U.S.C. § 203. At all relevant times, Defendants employed employees, including Plaintiff and

20  each member of the Collective.

21       49.     Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. §

22  216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join

23  as plaintiffs.

24       50.     The FLSA requires each covered employer such as Defendants to compensate all

25  non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for

26  work performed in excess of forty hours per work week.

27       51.     Plaintiff and the Collective are entitled to be paid overtime compensation for all

28  hours worked.

-9-

52.    Defendants, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the Collective for all hours worked.

53.    Defendants improperly calculated the regular rate of pay for the purposes of making any overtime payments that were made to Plaintiff and the Collective.

54.    By failing to compensate Plaintiff and the Collective overtime compensation, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*

55.    By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*

56.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

57.    Plaintiff, on behalf of herself and the Collective, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

58.    Plaintiff, on behalf of herself and the Collective, seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**

**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR**

**STANDARDS ACT**

(On Behalf of Plaintiff and the Collective)

59.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

60.    The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

61.    At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA.  Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1   wage was $5.85.  From July 24, 2008 to July 23, 2009, the federal minimum wage was $6.55 an

2   hour.  Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

3       62.    During the applicable statute of limitations, Defendants have failed to pay Plaintiff

4   and members of the Collective the federally mandated minimum wage for all hours worked.

5       63.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

6   within the meaning of 29 U.S.C. § 255(a).

7       64.    Plaintiff, on behalf of herself and others similarly situated, seeks damages in the

8   amount of unpaid overtime compensation and liquidated damages from three years immediately

9   preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C.

10  §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and

11  proper.

12      65.    Plaintiff, on behalf of herself and others similarly situated, seeks recovery of

13  attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

14                          **THIRD CLAIM FOR RELIEF**

15              **FAILURE TO PAY OVERTIME UNDER CALIFORNIA LAW**

16                  (On Behalf Plaintiff and the California Class)

17      66.    Plaintiff alleges and incorporates by reference the allegations in the preceding

18  paragraphs.

19      67.    At all times relevant to this action, Plaintiff and the California Class were

20  employed by Defendants within the meaning of the California Labor Code.

21      68.    By the course of conduct set forth above, Defendants violated Cal. Labor Code §§

22  510 and 1194.

23      69.    The California Labor Code requires employers, such as Defendants, to pay

24  overtime compensation to all non-exempt employees.

25      70.    Plaintiff and members of the California Class are, were, or will be non-exempt

26  employees entitled to be paid proper overtime compensation for all hours worked.

27

28

-11-

71. Throughout the California Class Period, and continuing through the present, Plaintiff and members of the California Class worked in excess of eight hours in a work day and/or forty hours in a work week.

72. During the California Class Period, Defendants failed and refused to pay Plaintiff and members of the California Class proper overtime compensation for overtime hours worked.

73. Defendants had a policy and practice of failing to properly calculate overtime pay due to Plaintiff and members of the California Class and failing to pay proper overtime pay to the California Class Representatives and the Proposed California Class for all their hours worked.

74. As a result of Defendants' failure to pay wages earned and due to the California Plaintiff and the California Class, Defendants violated the California Labor Code.

75. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, prejudgment interest, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LAW

(On Behalf of Plaintiff and the California Class)

76. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

77. The minimum wage in California prior to January 1, 2007 (during the applicable statute of limitations) was $6.75 an hour. From January 1, 2007 to December 31, 2007, the minimum wage in California was $7.50 an hour. Since January 1, 2008, the minimum wage in California has been $8.00 an hour.

78. During the applicable statute of limitations, Defendants have failed to pay Plaintiff and members of the California class the California minimum wage for all hours worked, in violation of Cal. Labor § 1182.12 and relevant wage orders.

-12-

79.     Pursuant to Cal. Labor § 1194, Plaintiffs are entitled to recover their unpaid wages in an amount to be established at trial, plus prejudgment interest, and costs and attorneys' fees. Further, Plaintiffs are entitled to recover liquidated damages pursuant to Cal. Labor § 1194.2.

## FIFTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF
### CALIFORNIA LAW

(On Behalf of Plaintiff and the California Class)

80.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

81.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked and rate of pay, to Plaintiff and the California Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.   Such failure caused injury to Plaintiff and the California Class, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled and the hours they worked.

82.     Plaintiff and the California Class are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a) and further seek the amount provided under Labor Code 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

## SIXTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE AND/OR AUTHORIZE MEAL AND REST PERIODS

(On Behalf of Plaintiff and the California Class)

83.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

84.     California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with

-13-

1  a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day

2  without providing the employee with a second meal period of not less than 30 minutes.

3        85.    Section 11 of Wage Order No. 4 provides (and at all times relevant hereto

4  provided) in relevant part that:

5        No employer shall employ any person for a work period of more than five

6        (5) hours without a meal period of not less than 30 minutes, except that

7        when a work period of not more than six (6) hours will complete the day's

8        work the meal period may be waived by mutual consent of the employer and

9        employee. Unless the employee is relieved of all duty during a 30 minute

10       meal period, the meal period shall be considered an "on duty" meal period

11       and counted as time worked. An "on duty" meal period shall be permitted

12       only when the nature of the work prevents an employee from being relieved

13       of all duty and when by written agreement between the parties an on-the-job

14       paid meal period is agreed to. The written agreement shall state that the

15       employee may, in writing, revoke the agreement at any time.  If an employer

16       fails to provide an employee a meal period in accordance with the applicable

17       provisions of this Order, the employer shall pay the employee one (1) hour

18       of pay at the employee's regular rate of compensation for each work day

19       that the meal period is not provided.

20       86.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto

21 provided) in relevant part that:

22       Every employer shall authorize and permit all employees to take rest

23       periods, which insofar as practicable shall be in the middle of each work

24       period. The authorized rest period time shall be based on the total hours

25       worked daily at the rate of ten (10) minutes net rest time per four (4) hours

26       or major fraction thereof. However, a rest period need not be authorized for

27       employees whose total daily work time is less than three and one-half (3 ½)

28       hours. Authorized rest period time shall be counted, as hours worked, for

-14-

1          which there shall be no deduction from wages. If an employer fails to

2          provide an employee a rest period in accordance with the applicable

3          provisions of this Order, the employer shall pay the employee one (1) hour

4          of pay at the employee's regular rate of compensation for each work day

5          that the rest period is not provided.

6      87.    California Labor Code section 226.7 prohibits any employer from requiring any

7 employee to work during any meal or rest period mandated by an applicable IWC wage order,

8 and provides that an employer that fails to provide an employee with a required rest break or meal

9 period shall pay that employee one additional hour of pay at the employee's regular rate of

10 compensation for each work day that the employer does not provide a compliant meal or rest

11 period.

12      88.    Defendants knowingly failed to provide Plaintiff and the California Class with

13 meal periods as required by law, and knowingly failed to authorize and permit Plaintiff and the

14 Proposed California Class to take rest periods as required by law. Plaintiff and the California

15 Class are therefore entitled to payment of the meal and rest period premiums as provided by law.

16                         **SEVENTH CLAIM FOR RELIEF**

17              **CALIFORNIA UNFAIR COMPETITION LAW**

18                (On Behalf of Plaintiff and the California Class)

19      89.    Plaintiff alleges and incorporates by reference the allegations in the preceding

20 paragraphs.

21      90.    The foregoing conduct, as alleged, violates the California Unfair Competition Law

22 ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* of the Cal. Bus. & Prof. Code prohibits unfair

23 competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

24      91.    Beginning at a date unknown to Plaintiff, but at least as long ago as the year 2005,

25 Defendants committed acts of unfair competition, as defined by the UCL, by, among other things,

26 engaging in the acts and practices described herein. Defendants' conduct as herein alleged has

27 injured Plaintiff and the California Class by wrongfully denying them earned wages, and

28 therefore was substantially injurious to Plaintiff and the California Class.

92.    Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

> A.    Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;
>
> B.    California Labor Code §§ 510 & 1194;
>
> C.    California Labor Code § 1182.12; and
>
> D.    California Labor Code §§, 226.7, and 512

93.    Defendants' course of conduct, acts, and practices in violation of the laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

94.    The harm to Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendants' policies or practices and therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

95.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and California Class Members are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendants during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay required wages to all workers as defined herein, in California, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

96.    WHEREFORE, Plaintiff, on behalf of herself and all members of the Collective, prays for relief as follows:

> A.    Designation of this action as a collective action on behalf of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective, apprising them of the pendency of this action, and permitting them to assert timely

-16-

1  FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C.

2  § 216(b);

3        B.    Unpaid wages and an additional and equal amount as liquidated damages

4  pursuant to the FLSA and the supporting United States Department of Labor regulations;

5        C.    Costs of action incurred herein, including expert fees;

6        D.    Reasonable attorneys' fees, including fees pursuant to 29 U.S.C. § 216

7  and/or other applicable law;

8        E.    A finding that Defendants' violations were willful;

9        F.    Pre-judgment and post-judgment interest, as provided by law; and

10       G.    Such other legal equitable relief as this Court deems necessary, just, and

11  proper.

12       WHEREFORE, Plaintiff on behalf of herself and all members of the California Class,

13  prays for relief as follows:

14       H.    Unpaid overtime wages, other due wages, injunctive relief, and unpaid

15  meal and rest premiums pursuant to California law;

16       I.    Certification of this case as a class action pursuant to Rule 23 of the

17  Federal Rules of Civil Procedure;

18       J.    Designation of Plaintiff as representative of the California Class, and

19  counsel of record as Class Counsel;

20       K.    Appropriate equitable relief to remedy Defendants' violations of state law;

21       L.    Appropriate statutory penalties;

22       M.    An award of damages, liquidated damages, and restitution to be paid by

23  Defendants according to proof;

24       N.    Attorneys' fees and costs of suit, including expert fees pursuant to Cal.

25  Labor §§ 1194, and California Code of Civil Procedure § 1021.5;

26       O.    Pre-judgment and post-judgment interest, as provided by law; and

27       P.    Such other equitable relief as the Court may deem just and proper.

28

-17-

1

## DEMAND FOR JURY TRIAL

2        97.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff,

3   individually and on behalf of all others similarly situated, demands a trial by jury.

4   Dated: October 8, 2010             NICHOLS KASTER, LLP

5                          By:

6                              Matthew C. Helland

7               NICHOLS KASTER, PLLP

8               Attorneys for Plaintiff, the Proposed Collective, and the
                Proposed Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

ORIGINAL

# Exhibit A

# HYATT
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Hyatt Vacation Marketing Corporation and its parent, subsidiary and related companies, to recover overtime pay and/or minimum wages.

2. During the past three years, there were occasions when I worked over 40 hours per week as sales executive (or similar job title), and did not receive proper compensation for all of my hours worked, including overtime pay.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Hyatt Vacation Marketing Corporation and its parent, subsidiary, and related companies.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 10-02-10

Signature

JEANNE M. Shaltz

Print Name

REDACTED