UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEANNE SHULTZ, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>     Plaintiffs,<br><br>  v.<br><br>HYATT VACATION MARKETING CORPORATION, HYATT VACATION OWNERSHIP, INC., and DOES 1-50, inclusive,<br><br>     Defendants. | Case No.: 10-CV-04568-LHK<br><br><br>ORDER DENYING MOTION TO TRANSFER |

Jeanne Schultz, the named Plaintiff in this putative class action, brought suit in this Court asserting various employment law violations based on federal and California law. Defendants Hyatt Vacation Marketing Corporation and Hyatt Vacation Ownership, Inc. (together, Hyatt) moved to transfer this case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). Mot. to Transfer (Mot., Dkt. No. 12). The Court finds this matter suitable for determination without oral argument. *See* Civ. L.R. 7-1(b). Therefore, the hearing on this matter set for May 5, 2011 at 1:30 p.m. is hereby VACATED. For the reasons set forth below, the Court DENIES the motion to transfer. Accordingly, the case management conference scheduled on May 5, 2011 at 1:30 p.m. will remain as set.

1

Case No.: 10-CV-04568-LHK
ORDER DENYING MOTION TO TRANSFER

**I.     INTRODUCTION**

Jeanne Schultz, the named Plaintiff in this case, brings a putative class action alleging violations of the Fair Labor Standards Act (FLSA, 29 U.S.C. § 201 *et seq*.) and the California Labor Code. Plaintiff alleges that Defendants failed to pay Plaintiff and other employees minimum wage and overtime compensation. First Am. Compl. (FAC) ¶ 1. Plaintiff asserts two classes. First, a nationwide class, composed of "all persons who are or have been employed by Defendants as sales executives at any time within three years prior to this action's filing date . . . ." Second, a California class, composed of "all persons who are or have been employed by Defendants as sales executives within the State of California within four years of the filing of this Complaint . . . ." *See* FAC ¶¶ 2-3. Plaintiff alleges that the California class is made up of at least 40 people. *See* FAC ¶ 40.

Plaintiff resides in Monterey, California, within the Northern District of California. Plaintiff worked for Defendants as a sales executive at their Hyatt Vacation Club office in Carmel, California (also in the County of Monterey) for various periods during 2005-2010. FAC ¶ 5. Plaintiff asserts that she and other sales executives were designated "commission only" and therefore, at times, received no compensation from Defendants. FAC ¶ 18. At other times, Plaintiff states that Defendants paid a "recoverable draw," but that this sometimes resulted in payments of less than the minimum wage. FAC ¶¶ 19-20. These draws were deducted from Plaintiffs' future commissions. FAC ¶ 21. Plaintiff also alleges that Defendants failed to pay overtime, failed to provide meal and rest periods, and failed to provide accurate wage statements. FAC ¶¶ 23-31.

In addition to the Vacation Club office in Carmel, Hyatt maintains Vacation Club offices in Texas, Arizona, Colorado and Florida. *See* Mot. at 3. Hyatt states that it has three "sales offices for resort properties" in Florida, and one office in each of the other states. *See* Yong-Kagimoto Decl. ISO Mot. (Dkt. No. 14) at ¶ 4. Plaintiffs have submitted information apparently from Hyatt's website which shows that three of Hyatt's Florida offices are located in Key West, in the Southern District of Florida. *See* Helland Decl. ISO Opp'n. to Mot., Ex. A. Hyatt has two other Florida offices, located in Bonita Springs and Siesta Key, Florida, both in the Middle District of Florida.

2

Case No.: 10-CV-04568-LHK
ORDER DENYING MOTION TO TRANSFER

*Id*. It is not clear which three of these five Florida offices are the three "sales offices for resort purposes" that Hyatt identifies in its Motion, and Hyatt does not clarify in its Reply. In any event, it appears that a substantial number of Florida offices are outside the Middle District, and Hyatt does not dispute this.

Both defendants maintain their headquarters in Florida. *Id*. ¶ 3. Hyatt has submitted a declaration from Kathy Francis, payroll manager for Hyatt Residential Group, Inc. (formerly Hyatt Vacation Ownership, Inc.). Ms. Francis states that she has searched payroll records for every employee and has thus determined that "more members of the putative class currently reside or show a last known address in the State of Florida than in any other state." *See* Francis Decl. ISO Mot. (Dkt. No. 13) at ¶ 7. Neither Hyatt nor Plaintiff submit information regarding how many putative class members reside outside of California or in Florida, nor does either party specify what judicial district within Florida these class members reside in.

Hyatt submits information indicating that its payroll and human resources functions are centralized at its St. Petersburg, Florida headquarters. *See* Yong-Kagimoto Decl. at ¶¶ 3, 5. Most human resources-related documents, including policies and some personnel files, are maintained at the corporate headquarters. *Id*. at ¶ 8. Key personnel who make decisions regarding classification of employees and terms and conditions of employment of sales executives work in the Florida headquarters. *Id*. at ¶ 9. However, each office location has one employee who performs some human resources-related tasks, including submitting payroll and processing new hires. *Id*. at ¶ 8. Hyatt maintains its Information Technology Department at its headquarters, and maintains all sales data there. *Id*. at ¶ 7. The Defendants' e-mail server is located at the Florida headquarters. In addition, the Hyatt payroll is calculated, processed and paid out of the Florida headquarters. *Id*. at ¶ 9. The "commission specialists," who calculate commissions on real estate sales for all U.S. sales personnel, work at the Florida headquarters. *See* Francis Decl. at ¶ 6.

## II.     LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In the Ninth Circuit, the district court has discretion to transfer under 28

§ 1404(a), depending on a "case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation and quotation omitted). The Court must consider public factors relating to "the interest of justice" and private factors relating to "the convenience of the parties and witnesses." *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Such factors may include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Jones*, 211 F.3d at 498-99. The moving party bears the burden of showing that transfer is appropriate. *Jones*, 211 F.3d at 499.

### III.   ANALYSIS

#### a.   Venue Is Available in the Middle District of Florida

Transfer under 28 U.S.C § 1404(a) is only appropriate if the action could properly have been brought in the transferee venue. 28 U.S.C. § 1404(a). Therefore, the Court addresses this issue first. Plaintiffs do not dispute that this case could have been brought in the Middle District of Florida. Defendants are a Florida corporation and a Delaware corporation, both headquartered in St. Petersburg, Florida, in the Middle District of Florida. Therefore, Defendants are subject to personal jurisdiction in Florida and venue in the Middle District is proper under 28 U.S.C. § 1391(b), (c). Having established that jurisdiction and venue are proper in the Middle District of Florida, the Court proceeds to weigh the interests of convenience and justice to determine whether transfer is appropriate.

#### b.   Plaintiff's Choice of Forum

The parties dispute the proper amount of deference owed to the Plaintiff's choice of forum and the Court addresses this factor first. When deciding whether to transfer venue, the Court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an

4

Case No.: 10-CV-04568-LHK
ORDER DENYING MOTION TO TRANSFER

inconvenient forum." *Jones*, 211 F.3d at 498.  Generally, the plaintiff's choice of forum is treated with great deference, and only significant inconvenience or unfairness will justify transfer.  *See Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995); *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002), citing *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985).

In a class action, this deference is somewhat tempered, however.  A class action with potential class members located all over the United States has been found to reduce the significance of the plaintiff's choice.  "[W]here there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." *Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 525-26 (1947).  But the forum choice of a class action plaintiff may still be entitled to some deference.  "In judging the weight to be accorded [the plaintiff's] choice of forum, consideration must be given to the extent of both [parties'] contacts with the forum, including those relating to [the plaintiff's] cause of action.  If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (internal citations omitted).

In this case, the Plaintiff alleges that her claims arose within the Northern District of California in the office that Hyatt maintains there, and that she is a resident of this district.  In addition, the California Class is comprised of other employees or former employees who worked at the same office, bringing claims for violation of California law.  Plaintiff alleges that there are 40 putative plaintiffs in the California Class.  FAC ¶ 40.  Defendants counter that "more members of the putative class currently reside or show a last known address in the State of Florida than in any other state," but do not provide an estimated number of putative class members in Florida or in any other location.  In light of these facts and allegations, the Court finds that Plaintiff's choice of forum is due some weight.  Several other judges in this district have concluded likewise when presented with very similar facts and claims.  *See Holliday v. Lifestyle Lift, Inc.*, No. C 09-4995,

5
Case No.: 10-CV-04568-LHK
ORDER DENYING MOTION TO TRANSFER

1   2010 WL 3910143 at *6 (N.D. Cal. Oct. 5, 2010); *Milton v. Trueposition, Inc.*, No. C 08-3616,

2   2009 WL 323036 at *2 (N.D. Cal. Feb. 9, 2009). Accordingly, this factor weighs against transfer.

         c.   The Remaining *Jones* Factors

Given that the Court accords some weight to the Plaintiff's choice of forum, it moves to the other *Jones* factors. Specifically, these factors are: (2) the state that is most familiar with the governing law; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; and (10) the relevant public policy of the forum state, if any.[1] *Jones*, 211 F.3d at 498-99. Because most of the remaining factors weigh against transfer or are neutral, the Court concludes that this case should not be transferred.

(2) State Most Familiar With the Governing Law

Both districts are familiar with federal law, which is the basis for Plaintiff's Federal Class claims. This Court is likely more familiar than the Middle District of Florida with the California laws underlying the California Class claims. However, other federal courts are "fully capable of applying California law." *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-4928, 2007 WL 4410408 at *6 (N.D. Cal. 2007). Therefore, this factor weighs only slightly against transfer.

(4) Parties' Respective Contacts with the Forum

As discussed in the analysis of the proper weight to give the Plaintiff's choice of forum, Hyatt has substantial contacts with the Northern District of California. Hyatt operates the Vacation Club office where Plaintiff was employed in Monterey, California (within the Northern District of California). According to Hyatt, this is one of only seven such offices that it operates nationwide. Hyatt's business at the Carmel office involves selling property within California. *See* Mot. at 1. Plaintiff's contacts with this district are also extensive. Plaintiff is a resident of this district and worked for Hyatt in this district.

---

[1] Because the parties do not identify a contract relating to Plaintiff's claims, Factor 1 (the location where the relevant agreements were negotiated and executed) and Factor 9 (the presence of a forum selection clause) are irrelevant.

6

Case No.: 10-CV-04568-LHK
ORDER DENYING MOTION TO TRANSFER

Hyatt urges that because its contacts with Florida are more extensive than its contacts with California, this factor should weigh in favor of transfer. *See* Mot. at 11-12. Although it is true that Hyatt's headquarters are located in the Middle District of Florida, a substantial number of Hyatt's Vacation Club offices appear to be located in Key West, which is in the Southern District of Florida. Only one of the sales offices that Hyatt cites as relevant to the transfer analysis appears to be in the Middle District of Florida. *See* Helland Decl., Ex. A. Of course, Hyatt also maintains one sales office in the Northern District of California. Neither party has submitted evidence showing that one office is significantly bigger or employs more sales executives than the other. In contrast, it appears that the Plaintiff has no contacts with Florida at all. On balance, then, while Hyatt's contacts with the Middle District of Florida are more extensive than its contacts with the Northern District of California due to its Florida headquarters, it has extensive contacts with both districts. Plaintiff has extensive contacts only with the Northern District of California. Since both parties have extensive contacts with the Northern District of California, but only Hyatt has contacts with its desired district, this factor weighs against transfer.

(5) Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum

Both parties cite substantial contacts relating to Plaintiff's cause of action in each forum. As already discussed, Plaintiff's cause of action arises out of her employment at the Hyatt Vacation Club office in Carmel, California. Hyatt admits that the payroll records relating to the hours Plaintiff worked were created at the Carmel office, and that an employee there performs "processing of new hires." Yong-Kagimoto Decl. ¶ 8. Therefore, there are substantial contacts relating to Plaintiff's cause of action in this judicial district.

In arguing that contacts with the Middle District of Florida are much more significant than those with the Northern District of California, Hyatt emphasizes the functions performed at its headquarters, and the contacts of members of the putative Federal Class. Hyatt cites the formation of policies governing classification and compensation for sales executives, and the computation of sales commissions, as activities closely related to the Plaintiff's cause of action that take place in the Middle District of Florida. Yong-Kagimoto Decl. ¶ 6, 9. Hyatt argues that "[a]ll operations pertaining to the payment of commissions, including development of the commission structure and

7
Case No.: 10-CV-04568-LHK
ORDER DENYING MOTION TO TRANSFER

plans, interpretation of payment plan issues, resolution of disputes, and calculation and payment of commissions, take place at the corporate headquarters." Francis Decl. ¶ 6. Hyatt also argues that because it has determined that "more members of the putative class currently reside or show a last known address in the State of Florida than in any other state," the Court should find that the Middle District of Florida contacts are more significant.

The Court recognizes that Hyatt's human resources functions, including payroll and commissions computations, are "centralized" and directed from its Middle District of Florida headquarters, and that these are substantial contacts relating to Plaintiff's claims. However, this does not negate the importance of Plaintiff's Northern District of California contacts. Simply because Hyatt determines policies or makes compensation decisions in Florida does not negate the local impact of those decisions when they are implemented elsewhere. *Accord Holliday*, 2010 WL 3910143 at * 8. In addition, Hyatt has provided no evidence regarding how many putative class members are located within its desired transferee district versus within other districts in Florida. Evidence submitted by the Plaintiff suggests that a substantial number of the putative class members in Florida likely worked in and may reside in the Southern District of Florida rather than the Middle District of Florida. While the convenience of potential witnesses is a factor the Court considers below, for the purposes of establishing claim-specific contacts, activity outside the district itself is generally discounted. *See, e.g., Foster*, 2007 WL 4410408 at *3 (finding that the "operative facts have not occurred within the forum" where the plaintiff worked only 30% of the time in the district where he filed the case, while working 70% of the time in another California district). Because both parties cite substantial claim-related contacts in each forum, this factor is neutral regarding transfer.

(6) Differences in the Costs of Litigation in the Two Forums

Differences in costs of litigation are weighted neutrally regarding transfer. Because the Plaintiff lives in the Northern District of California, transferring the case to the Middle District of Florida will impose travel costs for Plaintiff and her attorneys, and will require Plaintiff to hire local counsel in Florida. Hyatt argues that its costs will outweigh Plaintiff's if the case is not transferred, because a trial in California will cause Hyatt to "bear the significant expense of

8

Case No.: 10-CV-04568-LHK
ORDER DENYING MOTION TO TRANSFER

1  providing transportation, accommodations, and meals" for any employee witnesses it wishes to

2  bring to trial.  Further, Hyatt argues that its business operations and the lives of its employees will

3  be more significantly disrupted if trial proceeds in California rather than Florida.  *See* Mot. at 8-9.

4         In support of its argument that its inconvenience and expense should outweigh the

5  Plaintiff's in the transfer analysis, Hyatt cites a Southern District of New York decision

6  transferring a case to the Northern District of Ohio "because it appeared that resolution of the

7  major issues would depend almost exclusively upon the testimony of the defendant's employees . .

8  . ." Mot. at 8 (summarizing the holding in *United States v. General Motors Corp.*, 183 F. Supp.

9  858 (S.D.N.Y. 1960).  In the present case, however, the testimony of the Plaintiff and the members

10  of the putative classes appear to be critical to establishing their right to relief.  Therefore, *General*

11  *Motors* is distinguishable.  The Court is persuaded by authority holding that corporations are

12  better-equipped than individuals to absorb increased litigation costs.  *See, e.g., Healthtrac Corp. v.*

13  *Caterpillar Inc.*, No. C 05-2727, 2005 U.S. Dist. LEXIS 25272 at *12-*13 (N.D. Cal. Oct. 26,

14  2005).  While each party will face increased litigation expenses if the case proceeds to trial in its

15  disfavored district, and while Hyatt's expenses will likely be greater overall than Plaintiff's if the

16  case is not transferred to Florida, the Court finds that Hyatt's ability to bear these expenses tempers

17  the importance of the expenses' relative size.  Transfer is not appropriate if it simply shifts the

18  inconvenience from one party to another.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805

19  F.2d 834, 843 (9th Cir. 1986).  Therefore, on balance, litigation costs are weighted neutrally in the

20  transfer analysis.

21         (7) Availability of Compulsory Process to Compel Attendance of Unwilling Non-

22            Party Witnesses

23         Neither party has submitted evidence indicating that there are third-party witnesses whose

24  convenience should be weighed in the transfer analysis.  Accordingly, the compulsory process

25  issue is not relevant here.  However, both parties stress the convenience of party witnesses in the

26  transfer analysis. The Court considers the convenience of these witnesses.  *See Morris v. Safeco*

27  *Ins. Co.*, No. C 07-2890, 2008 WL 5273719 at *4 (N.D. Cal. Dec. 19, 2008).

28

1    As described above, Hyatt cites the convenience of employees involved in policy

2    development, human resources, and payroll who work at its Florida headquarters. *See* Mot. at 6-7,

3    Francis Decl. The Court has already weighed the inconvenience and expense relating to these

4    employee witnesses against the Plaintiff's inconvenience in the preceding factor, and has found

5    that the two considerations balance each other.

6    In addition to these Hyatt employee witnesses, Hyatt relies on the convenience of putative

7    members of the Federal Class, present and former employees of its Florida Vacation Club offices.

8    Hyatt states that "more current and former sales executives reside in Florida than in any other

9    state." Francis Decl. ¶ 7. However, Hyatt does not identify how many more putative class

10   members reside in Florida than in the four other states where Hyatt maintains Vacation Club

11   offices (Texas, California, Colorado, and Arizona). In addition, under the Fair Labor Standards

12   Act, individuals must "opt in" to become members of the Federal Class. Until class members opt

13   in, the Court has no way to know whether any putative class members residing in Florida (or any of

14   the other states) will in fact opt in to become members of the Federal Class. Even if they do opt in,

15   the Court might ultimately find that no Federal Class can be certified.

16   In contrast, Plaintiff notes that the California Class is a Federal Rule of Civil Procedure 23

17   class. Under this Rule, once a class is certified, class members are presumed to be part of the class

18   unless they opt out. *See* Fed. R. Civ. P. 23(c)(2). Therefore, if the California Class is certified, the

19   Plaintiff estimates that it will consist of 40 current and former employees who work or worked in

20   the Hyatt Carmel office and for whom the California forum is presumably more convenient. FAC

21   ¶ 40. At this point in the litigation, it is simply not clear that either the California or the Federal

22   Class will be certified, and if they are, what putative class members may opt in or out.

23   Hyatt proposes transferring the case to the Middle District of Florida pending resolution of

24   Federal Class certification, and if this certification is denied, transferring the case back to this

25   District. This proposal is simply not practical. It would not serve the interests of judicial

26   efficiency to task the Middle District of Florida with determining class certification and, after it has

27   become familiar with the case and the issues, to transfer the case back to this Court. This would

28   also delay the litigation. Therefore, the Court cannot approve this proposal.

10

Case No.: 10-CV-04568-LHK
ORDER DENYING MOTION TO TRANSFER

Given the uncertainty regarding the number and location of putative class members, the Court does not find that the convenience of these possible party witnesses provides much support for either side in the transfer analysis at this stage of the litigation. *See Holliday*, 2010 WL 3910143 at *7 (analyzing only the named plaintiff's convenience when putative California and Federal classes consisted of "unnamed plaintiffs in as yet undetermined locations."). While trial in Florida would be more convenient for any party witnesses residing in that state, trial in California would be more convenient for any party witnesses residing in California, Colorado, or Arizona. For putative class members residing in Texas, trial in either proposed venue is likely inconvenient. Given that there is no way to know now whether these putative class members will eventually play a role in this case, it would be unduly speculative to place significant weight on their convenience. *Id*. Therefore, the Court finds that this factor is neutral in the transfer analysis.

(8) Ease of Access to Sources of Proof

Hyatt argues that because "documents pertaining to the calculation and processing of commissions, payroll, and real estate sales are located in St. Petersburg, Florida . . . [t]ransferring Plaintiff's claims to the Middle District of Florida would obviate the necessity of shipping documents across the country for document review." Reply at 8. This argument seems to ignore the modern realities of document production.[2] As this court has previously held, "[w]ith technological advances in document storage and retrieval, transporting documents does not generally create a burden." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007). Although Hyatt argues that many of its documents are "irregularly shaped/sized such that they cannot be easily copied or scanned," Hyatt is only obligated to "permit the requesting party or its representative to inspect [or] copy" these originals in a "reasonable time, place and manner." *See* Reply at 8; Fed. R. Civ. Proc. 34. Whether or not the case is transferred to Florida, Hyatt's

---

[2] Notably, Hyatt cites two cases from the early 1990s in support of its argument that the location of documents should be a major consideration in deciding a motion to transfer; over fifteen years later, electronic document storage and production is a routine part of litigation as contemplated by the Federal Rules of Civil Procedure. The one more recent case Hyatt cites weighed the location of documents in favor of transfer but ultimately denied the motion to transfer, noting that, just as in this case, "the California plaintiffs performed much of the work at issue in California" and that "most of the plaintiffs' claims are California state law labor claims." *Milton,* 2009 WL 323036 at *2.

11

Case No.: 10-CV-04568-LHK
ORDER DENYING MOTION TO TRANSFER

discovery obligations remain the same. If it is truly unduly burdensome for Hyatt to provide copies of such irregularly-shaped documents to Plaintiff, it can propose making such documents available where they are stored. The parties will have to work out potential discovery disputes such as this one regardless of where the case is venued. Therefore, the Court finds that this factor weighs only slightly in favor of transfer.

### (10) Relevant Public Policy of the Forum State

The Court finds that this factor is neutral regarding transfer. Each proposed venue has an interest in the matter. The Middle District of Florida has an interest because it is the site of Hyatt's headquarters and because Hyatt's personnel and compensation policies are made there. Likewise, the Northern District of California has an interest in protecting the rights of the putative California Class and in enforcing California law. Therefore, this factor does not weigh for or against transfer.

### IV.   CONCLUSION

Weighing all of the relevant factors as discussed above, the Court finds that transfer to the Middle District of Florida is not in the interests of justice or convenience. Accordingly, Hyatt's Motion is DENIED, and the case will proceed in this District. The case management conference set for May 5, 2011 at 1:30 p.m. remains as set. In addition, the Court intends to issue a Case Management Order. The parties' proposed case schedule in the Joint Case Management Statement does not include a deadline for filing class certification motion(s). The parties shall propose such a deadline by March 15, 2011.

**IT IS SO ORDERED.**

Dated: February 28, 2011

_____
LUCY H. KOH
United States District Judge

12
Case No.: 10-CV-04568-LHK
ORDER DENYING MOTION TO TRANSFER